UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES ZIGLER,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES WARREN, et al.,<br><br>    Defendants. | Civil Action<br>No. 21-19474 (CPO) (MJS)<br><br>**OPINION & ORDER** |

**O'HEARN, District Judge.**

    This matter comes before the Court by way of Plaintiff's Complaint raising claims pursuant to 42 U.S.C. § 1983. The Court has screened[1] the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

    This case arises from Plaintiff's incarceration at the Cumberland County Jail. Plaintiff names Warden Charles Warren, Correctional Officer Huff, and the Cumberland County Jail as Defendants in this matter. (ECF No. 1, at 1, 4.) According to Plaintiff, on March 12, 2021, he was returning from a lawyer visit and got off of the elevator. (*Id*. at 5.) Upon exiting the elevator, Plaintiff observed Officer Huff leave the maximum custody area with an inmate. (*Id*. at 5–6.) Plaintiff was from E-Block and the other inmate was from C-Block, and such inmates "are not suppose[d] to be around each other." (*Id*. at 6.)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Nevertheless, Officer Huff removed the other inmate's handcuffs and allowed the inmate to beat Plaintiff, while Plaintiff remained handcuffed. (*Id*. at 6.)  Officer Huff watched the entire time and never stopped the attack, "like he was paid to not stop it." (*Id*.)  A different officer eventually stopped the attack, but Plaintiff suffered significant injuries. (*Id*.)

Plaintiff filed the instant Complaint in October of 2021, raising § 1983 claims against the Defendants.  To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, the Court will construe the Complaint as alleging that Warden Warren and the Cumberland County Jail subjected Plaintiff to cruel and unusual punishment, by failing to protect him under the Eighth or Fourteenth Amendments.  It is unclear whether Plaintiff was a pretrial detainee or a prisoner during the events of the Complaint.  If Plaintiff was a pretrial detainee, the Due Process Clause of the Fourteenth Amendment governs his claim, and if he was a convicted and sentenced prisoner, the Eighth Amendment governs his claim. *Thomas v. Cumberland Cty.*, 749 F.3d 217, 223 n.4 (3d Cir. 2014); *Abner v. Ellis*, No. 21-15359, 2021 WL 5827733, at *2 (D.N.J. Dec. 8, 2021).  In any event, the same standard applies. *Thomas*, 749 F.3d at 223 n.4.  "A prisoner has a valid failure-to-protect claim if the prison official shows 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)) (internal quotation marks omitted).

With those principles in mind, it appears that Plaintiff wishes to pursue a supervisory liability claim against Warden Warren.  As a general rule, however, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dept. Of Social Servs.*,

2

436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").

In general, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. First, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690. A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id*. at 691.

A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory" (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)). Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

Here, Plaintiff states only that Warden Warren "failed to keep [him] safe from getting assaulted with handcuffs on." (ECF No. 1, at 4.) Plaintiff fails to describe how the Warden established or maintained any particular policies or customs, or how those policies or customs specifically caused or contributed to his injuries. (*Id*. at 4–6.) Nor does Plaintiff allege that the Warden personally directed Officer Huff to violate Plaintiff's rights or had knowledge of and acquiesced in Officer Huff's actions. (*Id*.)

Finally, to the extent Plaintiff contends that the Warden is liable simply for being a supervisor, the Court disagrees. Once again, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676. In simpler terms, a supervisor is not liable for the unconstitutional conduct of his employees solely because he is a supervisor. Ultimately, Plaintiff's supervisory liability claim is a bare conclusion, which is insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). Accordingly, the Court will dismiss without prejudice Plaintiff's claim against Warden Warren.

Next, the Cumberland County Jail, like other county jails, is not a "person" amendable to suit under § 1983. *See, e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Accordingly, the Court will dismiss with prejudice Plaintiff's § 1983 claim against the Cumberland County Jail, for failure to state a claim. The remainder of the Complaint, *i.e.*, Plaintiff's claims against Officer Huff, may proceed.[2] Accordingly,

---

[2] The Court is not expressly or implicitly limiting Defendant's right to assert any potential defenses as he sees fit. Nor is the Court ruling that Plaintiff has established a violation. Instead, the Court is permitting these claims to go forward beyond screening.

IT IS, on this 28th day of March 2022,

**ORDERED** that Plaintiff's § 1983 claim against Warden Warren is DISMISSED WITHOUT PREJUDICE, and the Clerk of the Court shall TERMINATE Warden Warren from the case; and it is further

**ORDERED** that Plaintiff's § 1983 claim against the Cumberland County Jail is DISMISSED WITH PREJUDICE, and the Clerk of the Court shall TERMINATE the Cumberland County Jail from the case; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms; and it is further

**ORDERED** that Plaintiff shall complete the form for the remaining Defendant and return it to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; and it is further

**ORDERED** that after Plaintiff sends the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint (ECF No. 1), summons, and this Order upon the Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**